UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-CR-329 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| RONALD GENE MORGAN, | |
| Defendant(s). | |

Presently before the court is defendant Ronald Gene Morgan's motion for release. (ECF No. 77). The government filed a response (ECF Nos. 78, 79), to which defendant replied (ECF No. 80).

**I.  FACTS**

On February 7, 2017, defendant pleaded guilty to one count of wire fraud. (ECF No. 64). On September 25, 2017, the court sentenced defendant to 24 months of custody to be followed by three years of supervised release. (ECF No. 71). The court also ordered defendant to self-surrender on January 29, 2018. *Id*.

On January 5, 2018, the parties stipulated to delay defendant's self-surrender date for 90 days. (ECF No. 75). The basis for the delay was to allow defendant to receive two medical procedures on his eyes, which were in diminishing health. *Id*. On May 4, 2018, defendant self-surrendered in compliance with the court's order. (ECF Nos. 77, 78).

Since beginning his term of incarceration, defendant has gone blind in his left eye and is legally blind in his right eye. (ECF No. 77). On January 28, 2019, defendant requested that his warden release him from custody so he may receive eye treatment. (ECF No. 77-1). On

**James C. Mahan**
**U.S. District Judge**

February 14, 2019, the warden denied defendant's request on the grounds that the prison's medical department is managing and treating defendant's medical condition. (ECF No. 78-2).

On February 24, 2019, defendant filed an appeal, which was denied for being illegible. (ECF No. 77-2). Defendant represents that he cannot write legibly due to his poor eye sight. (ECF No. 77). On February 27, 2019, defendant filed a motion for early release so that he may obtain proper medical treatment for his condition. *Id*. Defendant is currently 64 years old and is scheduled to be placed in a residential re-entry center in August 2019. (ECF Nos. 77, 78-2).

## II.     DISCUSSION

A federal court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). 18 U.S.C. § 3582(c)(1)(A) provides that a court can make such modification in two circumstances: (1) upon motion from the director of the bureau of prisons or (2) upon motion from the defendant after the defendant exhausted administrative rights or 30 days after the warden receives the defendant's request for modification.[1]

Defendant submitted a request for modification to the warden on January 28, 2019. (ECF No. 77-1). Because defendant filed the instant motion 30 days later, defendant has complied with § 3582(c)(1)(A). Accordingly, the court will consider the merits of defendant's request.

Federal courts can modify an imposed term of imprisonment when:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is

---

[1] The First Step Act of 2018, Pub. L. No. 115-391, § 603, modified § 3582(c)(1)(A) to allow a defendant to make a motion to the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See Mohrbacher v. Ponce*, No. CV 18-00513-DMG (GJS), 2019 WL 161727 at *1 (C.D. Cal. Jan. 10, 2019).

James C. Mahan
U.S. District Judge

- 2 -

> not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Because defendant is 64 years old, he does not qualify for modification under subsection (ii). *See* (ECF No. 77). To determine whether there are "extraordinary and compelling reasons" in accordance with subsection (i), the court turns to the United States Sentencing Guidelines. *See United States v. Perez-Ascencio*, No. 18CR3611-H, 2019 WL 626175 at *3 (S.D. Cal. Feb 14, 2019).

U.S.S.G. § 1B1.13, comment 1(A)(ii) provides that extraordinary and compelling reasons exist under § 3582(c)(1)(A) when the defendant is "suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

The record before the court shows that defendant has several medical conditions including type II diabetes, cataracts, high blood pressure, and high cholesterol. (ECF No. 78-2). In addition, the government does not dispute that defendant has lost vision in his left eye and gone legally blind in his right eye since he began his term of incarceration. *See* (ECF Nos. 77, 78). Thus, defendant is suffering from a serious medical condition.

Defendant has served approximately eleven months of custody. Thus far, he as not been able to prevent his eye sight from diminishing nor has he received the necessary treatment from the Bureau of Prison's medical department. (ECF Nos. 77, 77-1). Therefore, defendant cannot treat himself with self-care or expect to recover.

In light of the foregoing, the court will release defendant from custody so that he may seek medical attention to preserve what little eyesight he has left. The court will also proportionately extend defendant's term of supervised release by the remaining term of custody that defendant will no longer serve.

. . .

James C. Mahan
U.S. District Judge

- 3 -

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for release (ECF No. 77) be, and the same hereby is, GRANTED, consistent with the foregoing.

DATED March 29, 2019.

_____
UNITED STATES DISTRICT JUDGE